# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

RAMON ANTONIO DIAZ,

Plaintiff,

-against-

CAPITAL ONE BANK;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC
AND TRANS UNION, LLC,

Defendant(s).

---------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff's Residence Address:
2136 Honeywell Avenue, Apt# 6N
Bronx, NY 10460

To the above-named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Bronx, at the office of the Clerk of said Court at 851 Grand Concourse, Bronx, NY 10451 in the County of Bronx, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $250,000.00 with interest from July 15, 2026, together with the costs of this action.

Dated: July 15, 2026

Subhan Tariq, Esq.
Tariq Law PC
Attorney for Plaintiff
99 Park Avenue, Suite 1530
New York, NY 10016
Tel: (212) 804-9095

NOTE: The law or rules of court provide that:

a) If this summons is served by its delivery to you personally, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendants' addresses:

Capital One Bank
1680 Capital One Drive
McLean, VA 22102

Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626

Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
____________________________________X

RAMON ANTONIO DIAZ,

Index No.:

Plaintiff,

v.

**VERIFIED COMPLAINT**

CAPITAL ONE BANK;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION, LLC,

Defendants.
____________________________________X

By and through the undersigned counsel, Plaintiff Ramon Antonio Diaz ("Plaintiff"), with knowledge as to his own acts and investigation of counsel as to the acts of others, believing that further investigation and discovery will confirm that such allegations have substantial evidentiary support, alleges as follows:

## PRELIMINARY STATEMENT

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"), Plaintiff brings this action against Capital One Bank ("Capital One"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"; together Equifax, Experian, and Trans Union are the "CRAs" or "CRA Defendants") to recover actual, statutory, and punitive damages, as well as costs and attorney's fees and injunctive relief.

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." § 1681(b).

4. Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry. . . of inaccurate or misleading information." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (internal quotation marks and emphasis omitted); *see also, e.g., Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)).

5. This action concerns Capital One account tradelines (the "subject accounts") that are erroneously reporting as disputed on Plaintiff's credit reports after Plaintiff no longer disputed the subject accounts and expressly requested that all consumer dispute statements, associated with the subject accounts, be removed.

6. Plaintiff applied for a mortgage loan with Nationwide Mortgage. Nationwide Mortgage informed Plaintiff that dispute remarks, associated with the subject accounts, appearing on

Plaintiff's credit reports had to be removed before Plaintiff's mortgage loan could be approved, closed, or otherwise proceed.

7. Accordingly, on April 5, 2026, Plaintiff sent written dispute-removal requests letters to Equifax, Experian and Trans Union informing each CRA Defendant to remove the dispute-related remarks from the subject accounts. Despite Plaintiff's clear written requests, the CRA Defendants failed to remove the dispute-related remarks from the subject accounts.

8. Upon information and belief, after receiving notice of Plaintiff's disputes from the CRA Defendants, Capital One failed to conduct a reasonable investigation and continued verifying, furnishing, or allowing the subject accounts to report with dispute-related remarks.

9. As a result of Defendants' conduct, Plaintiff suffered actual damages, including impediments to obtaining mortgage credit, damage to his reputation for creditworthiness, emotional distress, aggravation, frustration, stress, anxiety, loss of time, and other damages.

10. Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

## PARTIES

11. Plaintiff is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides at Bronx, NY 10460.

12. Capital One is a bank that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 1680 Capital One Drive, McLean, VA 22102.

13. Capital One is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

14. Equifax, Experian, and Trans Union are consumer reporting agencies as defined by the FCRA (15 U.S.C. § 1681a(f)) and the NY FCRA (G.B.L. § 380-a(e)).

## FACTUAL ALLEGATIONS

15. On or around March 2026, Plaintiff reviewed his Equifax, Experian, and Trans Union credit reports and noticed that the subject accounts are reporting with dispute-related remarks.

16. Plaintiff's Equifax credit reporting reflects dispute-related remarks, associated with the subject accounts, including: "Account previously in dispute - Now resolved by data furnisher."

17. Plaintiff's Experian credit reporting reflects dispute-related remarks, associated with the subject accounts, including: "Account previously in dispute - investigation complete, reported by data furnisher," and as to one Capital One tradeline, "**CONSUMER STATEMENT** ITEM IN DISPUTE BY CONSUMER."

18. Plaintiff's Trans Union credit reporting reflects dispute-related remarks, associated with the subject accounts, including: "Dispute resolved reported by grantor."

19. On around April 2026, Plaintiff applied for a mortgage loan with Nationwide Mortgage.

20. Nationwide Mortgage informed Plaintiff that the dispute remarks, associated with the subject accounts, appearing on his credit reports had to be removed before the mortgage loan could be approved, closed, or otherwise proceed.

21. Accordingly, Plaintiff sent dispute-removal request letters to the CRA Defendant wherein he expressly requested removal of the dispute remarks, associated with the subject accounts.

22. However, Capital One, Equifax, Experian, and Trans Union refused to remove the dispute remarks, associated with the subject accounts.

23. The continued reporting of dispute remarks, associated with the subject accounts, are materially misleading to users of Plaintiff's credit reports, including but not limited to mortgage lenders.

***Equifax Dispute-Removal Request***

24. By letter dated April 5, 2026, Plaintiff wrote Defendant Equifax to requesting that Equifax remove all dispute remarks from his credit report. Specifically, Plaintiff informed Equifax of the following: "**I AM REQUESTING AT THIS TIME THAT YOU REMOVE ALL CONSUMER DISPUTE STATEMENTS OFF MY CREDIT REPORT IMMEDIATELY. I AM TRYING TO CLOSE ON MY HOME.**" Plaintiff also attached a copy of his driver's license and Social Security card. Plaintiff's April 5, 2026 letter was sent via certified mail.

25. Plaintiff did not receive a response from Equifax. However, Equifax continued to report the dispute remark, associated with the subject accounts, on Plaintiff's Equifax credit report – according to Plaintiff's Equifax credit report dated May 26, 2026.

26. Furthermore, Equifax failed to properly investigate the subject accounts and failed to respond with an investigation within the 30-day requirement and thereby violated the Plaintiff's rights under the FCRA.

27. Equifax did not remove the dispute remarks, associated with the subject accounts, from Plaintiff's Equifax credit report. Equifax continued to report inaccurate information on Plaintiff's credit report after receiving his dispute-removal request letter, thus violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

***Experian Dispute-Removal Request***

28. By letter dated April 5, 2026, Plaintiff wrote Defendant Experian to requesting that Experian remove all dispute remarks from his credit report. Specifically, Plaintiff informed Experian of the following: "**I AM REQUESTING AT THIS TIME THAT YOU REMOVE ALL CONSUMER DISPUTE STATEMENTS OFF MY CREDIT REPORT IMMEDIATELY. I AM TRYING TO CLOSE ON MY HOME.**" Plaintiff also attached a copy of his driver's license and Social Security card. Plaintiff's April 5, 2026 letter was sent via certified mail.

29. Plaintiff did not receive a response from Experian. However, Experian continued to report the dispute remarks, associated with the subject accounts, on Plaintiff's Equifax credit report – according to Plaintiff's Experian credit report dated May 25, 2026.

30. Furthermore, Experian failed to properly investigate the subject accounts and failed to respond with an investigation within the 30-day requirement and thereby violated the Plaintiff's rights under the FCRA.

31. Experian did not remove the dispute remarks from Plaintiff's Experian credit report. Experian continued to report inaccurate information on Plaintiff's credit report after receiving his dispute-removal request letter, thus violating the FCRA by failing to conduct

a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

***Trans Union Dispute-Removal Request***

32. By letter dated April 5, 2026, Plaintiff wrote Defendant Trans Union to requesting that Trans Union remove all dispute remarks from his credit report. Specifically, Plaintiff informed Trans Union of the following: "**I AM REQUESTING AT THIS TIME THAT YOU REMOVE ALL CONSUMER DISPUTE STATEMENTS OFF MY CREDIT REPORT IMMEDIATELY. I AM TRYING TO CLOSE ON MY HOME.**" Plaintiff also attached a copy of his driver's license and Social Security card. Plaintiff's April 5, 2026 letter was sent via certified mail.

33. Plaintiff received a delay-tactic response from Trans Union, dated April 17, 2026. Trans Union stated that it was unable to process Plaintiff's request because it allegedly could not determine the nature of the request or because the information provided was allegedly unclear or illegible.

34. Trans Union's response was improper because Plaintiff's letter clearly requested removal of all dispute remarks and clearly explained that Plaintiff was trying to close on his home.

35. However, Trans Union continued to report dispute remarks, associated with the subject accounts, after receiving Plaintiff's dispute-removal request, on Plaintiff's Trans Union credit report - – according to Plaintiff's Trans Union credit report dated May 28, 2026.

36. Furthermore, Trans Union failed to properly investigate the subject accounts and failed to respond with an investigation within the 30-day requirement and thereby violated the Plaintiff's rights under the FCRA.

37. Trans Union did not remove the dispute remarks from Plaintiff's Trans Union credit report. Trans Union continued to report inaccurate information on Plaintiff's credit report after receiving his dispute-removal request letter, thus violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit.

***Damages***

38. Because of Defendants' misconduct, Plaintiff suffered actual damages cognizable pursuant to the FCRA and NY FCRA.

39. Such damages include but are not necessarily limited to the following: impediments to Plaintiff's ability to seek credit, damage to Plaintiff's reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.

40. Moreover, Plaintiff will explore in discovery the extent to which the inaccurate reporting caused him credit harm in the form of credit denials and/or other adverse actions with respect to existing credit.

41. In addition, the inaccurate dispute remarks, associated with the subject accounts, reported by Equifax, Experian, and Trans Union, respectively, has cost, and continues to cost, Plaintiff time and effort and expense in pursuit of corrected credit reports.

42. Capital One's, Equifax's, Experian's, and Trans Union's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA and NY FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including stress, anxiety, headaches,

difficulty sleeping, frustration, humiliation, apprehension about applying for credit, depression, and instances of crying.

b. Plaintiff was defamed by Capital One, Equifax, Experian, and Trans Union, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

**FIRST CAUSE OF ACTION**

**Violations of FCRA § 1681s-2(b) Against**
**Defendant Capital One**
**(Furnisher of Information)**

43. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

44. FCRA § 1681s-2(b), in pertinent part, provides: "if an item of information disputed by a consumer is found [by a furnisher] to be inaccurate or incomplete *or cannot be verified* after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only, [the furnisher shall] . . . , based on the results of the reinvestigation promptly— (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." § 1681s-2(b)(1)(E)(i) – (iii) (emphasis added).

45. Capital One violated FCRA § 1681s-2(b) by its acts and omissions, including but not limited to:

a. failing to conduct a reasonable investigation of Plaintiff's dispute-removal requests after receiving notice of those requests from Equifax, Experian, and Trans Union;

b. failing to review all relevant information provided by Equifax, Experian, and Trans Union; and

c. failing to accurately report the results of its investigation to Equifax, Experian, and Trans Union; and

d. failing to promptly modify, delete, or permanently block any information it could not affirmatively verify as accurate, in violation of § 1681s-2(b)(1).

46. Had Capital One performed reasonable investigations required by the FCRA, it could not have verified that the dispute-related remarks should continue reporting after Plaintiff expressly requested their removal. In so doing, Capital One violated § 1681s-2(b).

47. Because of Capital One's FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

48. Capital One's violations of § 1681s-2(b) were willful, rendering Capital One liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

49. In the alternative, Capital One's violations of § 1681s-2(b) were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from Capital One pursuant to § 1681o.

## SECOND CAUSE OF ACTION

**Violations of FCRA § 1681i**
**Against Defendants Equifax, Experian, and Trans Union**
**(Consumer Reporting Agencies)**

50. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

51. FCRA § 1681i(a)(1) requires a CRA to complete a reasonable reinvestigation of the accuracy of any item of information in a consumer's credit file that the consumer disputes to the CRA within 30 days of the dispute. Pursuant to § 1681i(a)(5), a CRA must "promptly

delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the CRA finds that the disputed information is "inaccurate or incomplete *or cannot be verified*." §§ 1681i(a)(1) and (a)(5) (emphasis added).

52. Each CRA Defendant violated multiple sections of 15 U.S.C. § 1681i by their respective acts and omissions, including, but not limited to, the following:

   a. failing to conduct a reasonable reinvestigation of Plaintiff's dispute-removal requests to determine whether the dispute remarks were inaccurate and record the correct status or delete the items from Plaintiff's credit file in violation of § 1681i(a)(1);

   b. failing to review and consider all relevant information submitted by Plaintiff concerning Plaintiff's dispute-removal requests, in violation of § 1681i(a)(4); and

   c. failing to properly modify or delete the dispute remarks on and/or from Plaintiff's credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

53. Had CRA Defendants reasonably investigated Plaintiff's disputes, these Defendants could not have verified that the dispute-related remarks should continue reporting after Plaintiff expressly requested their removal. In so doing, CRA Defendants each violated § 1681i (and a corresponding provision of the NY FCRA).

54. Because of CRA Defendants' respective FCRA violations, Plaintiff suffered actual damages cognizable pursuant to the FCRA.

55. Violations of § 1681i by Equifax, Experian, and Trans Union were willful, rendering each CRA Defendant liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

56. In the alternative, CRA Defendants' respective violations of § 1681i were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees from each CRA Defendant pursuant to § 1681o.

**<u>THIRD CAUSE OF ACTION</u>**

**Violations of NY FCRA § 380-f and § 380-j**
**Against Defendants Equifax, Experian, and Trans Union**
**(Consumer Reporting Agencies)**

57. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

58. Equifax, Experian, and Trans Union violated multiple sections of the NY FCRA (NY GBL §§ 380-380-u) by their respective acts and omissions.

59. Each CRA Defendant violated the NY FCRA by:

    a. failing to promptly and properly reinvestigate Plaintiff's dispute-removal requests to determine whether the dispute remarks were inaccurate and record the correct status of the items in violation of § 380-f(a);

    b. failing to maintain reasonable procedures to assure maximum possible accuracy of information maintained in Plaintiff's credit file, in violation of § 380-j(a); and

    c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of information in consumer reports that Equifax, Experian, and Trans Union distributed to third parties, in violation of § 380-j(e).

60. These violations of § 380-f and § 380-j were willful, making each CRA Defendant liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l. Plaintiff is also entitled to injunctive relief restraining the CRA Defendants from any further violations of Plaintiff's

rights pursuant to the NY FCRA.

61. In the alternative, each CRA Defendant's violations of §§ 380-f and 380-j were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 380-m.

62. Plaintiff is also entitled to injunctive relief restraining CRA Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding Plaintiff against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;
2. Ordering the CRA Defendants to:
   a. immediately and permanently (i) delete and/or update all dispute remarks associated with the subject accounts, and (ii) cease reporting inaccurate dispute remarks concerning the subject accounts to any and all persons and entities to whom CRA Defendants report consumer credit information; and
   b. send updated and corrected consumer reports to all persons and entities to whom CRA Defendants have reported inaccurate dispute remarks about the subject accounts;
3. Enjoining CRA Defendants from violating Plaintiff's NY FCRA rights;

4. Such other and further relief as may be necessary, just, and proper.

Dated: July 15, 2026

Respectfully submitted,

________________________
Subhan Tariq, Esq.
Attorney I.D.# 5263074
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1530
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

# VERIFICATION

Ramon Diaz, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

Ramon Diaz , Plaintiff

Sworn to before me this 29

day of May, 2026

Notary Public

ALBERTO CURI JR
Notary Public - State of New York
NO. 01CU6121127
Qualified in Bronx County
My Commission Expires 1/10/2029

Powered by CamScanner